IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

    Plaintiff,                  No. CIV S-06-2502 RRB DAD P

    vs.

BOARD OF PRISON TERM, et al.,      ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[2] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

---

[1] At the time plaintiff initiated this action he was incarcerated at the Yolo County Jail. Court records indicate that plaintiff was subsequently released on parole, but that on June 30, 2007 he was arrested on a parole violation and is now incarcerated at Deuel Vocational Institution. See Soto v. Board of Prison Terms, 07-1664 LKK EFB P, Petition filed on August 14, 2007.

[2] In light of the court's findings and recommendations, the court issues no ruling on the in forma pauperis application.

1

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Before the court is plaintiff's amended complaint filed on March 9, 2007.[3] Therein, plaintiff alleges that following his arrest on September 6, 2006, a parole hold was placed on him and he was served with a violation report on September 8, 2006. Plaintiff alleges that he

---

[3] The amended complaint supercedes plaintiff's original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

did not receive a probable cause hearing on the parole violation report until September 27, 2006 and that this period of delay violated his due process rights under the stipulated order entered in <u>Valdivia, et al v. Schwarzenegger, et al</u>, Civ. S 94-00671 LKK GGH (E.D. Cal.).  Plaintiff also alleges that he informed his attorney of this violation but was told "to not say anything and to take the deal and we will do a writ of habeas corpus."  (Am. Compl. at 3.[4])  Plaintiff alleges that his attorney did not pursue a habeas action on his behalf  when plaintiff wrote to the McGeorge School of Law[5], he was told that they will not represent parolees in habeas actions.  (<u>Id.</u>)  Plaintiff subsequently filed his state habeas petition pro se and currently has a habeas petition pending before the California Supreme Court.  (<u>Id.</u>)

> In this civil rights action plaintiff states that he seeks the following relief:
>
> I'd like for my violation to be dropped and for me to be continued on parole.  I'd like for the McGeorge School of Law to have to pay me 350 a day for 181 days wich [sic] is what I've got to do for - total of $63,350 for malpractice.

(<u>Id.</u> at 3.)  Plaintiff names only two defendants: John Doe the commissioner for the Board of Prison Terms, and John Doe the lawyer employed by the McGeorge School of Law.

Plaintiff's amended complaint is defective in several respects.  First, plaintiff seeks relief that is not available in this civil rights action.  To the extent that plaintiff seeks an order vacating the revocation of his parole, plaintiff must proceed with a habeas action.  When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas

/////

---

[4] Plaintiff's four-page amended complaint is misnumbered and, therefore, the court's reference to a specific page number indicates the chronological page number.

[5] The settlement in <u>Valdivia</u> apparently contemplated the involvement of the McGeorge School of Law in the process of appointing counsel to represent parolees under certain circumstances.  <u>See</u> <u>Soto v. Calif. Dep't of Corrections and Rehab.</u>, CIV S-07-0155 GEB CMK P, Findings and Recommendations filed Jan. 30, 2007, at 3.

corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).[6]

Second, to the extent plaintiff may be attempting to bring a malpractice action against his lawyer for failing to challenge the timeliness of his revocation hearing, he fails to state a cognizable federal claim.

Third, to the extent that plaintiff is claiming violation of his due process rights based on a violation of the stipulated order entered in Valdivia, he again fails to state a cognizable claim.  As one district court has recently observed:

> A remedial court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create "rights, privileges or immunities secured by the Constitution and laws" of the United States. Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir.1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights); see also DeGidio v. Pung, 920 F.2d 525, 534-35 (8th Cir.1990). To the extent plaintiff claims that the Valdivia injunction has been violated, he must apply for relief in that case.

El Muhammad v. Schwarzenegger, No. C 06-739 MHP (PR), 2006 WL 1883347 at *1 (N.D. Cal. July 7, 2006).  Thus, a civil rights action is not the proper means by which to enforce a remedial decree.  Cagle v. Sutherland, 334 F.3d 980, 986-87 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996).  Jurisdiction to enforce the judgment is retained by the court that entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).[7]

/////

---

[6] Of course, to the extent plaintiff is alleging that his parole was improperly revoked, he cannot assert a § 1983 claim for damages on that basis because it would run afoul of the principle that bars a damages claim for unconstitutional imprisonment until the underlying erroneous decision is set aside.  See Heck v. Humphrey, 512 U.S. 477 (1994).

[7] A consent decree is negotiated by the parties in the case and may be detailed or provide relief beyond constitutional requirements; therefore, individual prisoners are not allowed to seek relief through a § 1983 action for violations of the decree.  Cagle, 334 F.3d at 987; DeGidio, 920 F.2d at 534.

1            Finally, plaintiff has named only Doe defendants in his amended complaint.  "As
2  a general rule, the use of 'John Doe' to identify a defendant is not favored."  <u>Gillespie v.</u>
3  <u>Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980); <u>Wiltsie v. California Dep't of Corrections</u>, 406 F.2d
4  515, 518 (9th Cir. 1968) ("The action was also properly dismissed as to the fictitious defendants
5  identified only as 'Does', in the complaint as amended.").  However, even where "Doe" pleading
6  is allowed, plaintiff must state in the body of his complaint that he is ignorant of the true names
7  of the defendants so named.  <u>See</u> William W. Schwarzer et al., <u>California Practice Guide, Federal</u>
8  <u>Civil Procedure Before Trial</u> § 8.120; <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992).
9  Here, plaintiff has not done so.  Moreover, the court cannot order service of the complaint when
10 there are no defendants actually named and it would be difficult for plaintiff to conduct discovery
11 to determine the names of the "Doe" defendants when there are no defendants identified by name.
12           Because plaintiff cannot cure several of the defects noted above, amendment
13 would be futile.  <u>See</u> <u>Schmier v. United States Court of Appeals for the Ninth Circuit</u>, 279 F.3d
14 817, 824 (9th Cir. 2002).  Therefore, the court will recommend that this action be dismissed with
15 prejudice.
16           Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
17 correct the docket to reflect the following address for plaintiff William Soto, J-47969, Deuel
18 Vocational Institution, P.O. Box 600, Tracy, CA 95378.
19           Also, IT IS HEREBY RECOMMENDED that this action be dismissed.
20           These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
22 days after being served with these findings and recommendations, plaintiff may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
25 /////
26 /////

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: October 5, 2007.

```
                                        _____
                                        DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE
```

7  DAD:4
   soto2502.56